# UNITED STATES BANKRUPTCY COURT FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

Steven L. Clark
Petra H. Clark

Case No.  23-90092
Chapter 13
Hon.  Scott Dales
Filed: 9/20/23

Debtors

_____/

## ORIGINAL CHAPTER 13 PLAN

**PREAMBLE**

**To Debtors:** Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors: Your rights may be affected by this Plan.  Your claim may be reduced, modified, or eliminated.**

You should read this Plan carefully and discuss it with your attorney if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.

If you oppose the Plan's treatment of your claim, or any provision or paragraph of this Plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.  The Bankruptcy Court may confirm this Plan without further notice if no objection to confirmation is filed.  See Fed. R. Bankr. P. 3015.  In addition, you may need to file a timely proof of claim in order to be paid under any Plan.

The following matters may be of particular importance.  ***Debtors must check one box on each line to state whether or not the Plan includes each of the following items.  If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the Plan.***

| | | |
|---|---|---|
| A limit on the amount of a secured claim, set out in Paragraphs III.C.1.c, III.C.1.h, and/or III.C.2.c, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Paragraph IV.R. | ☐ Included | ☒ Not included |
| Nonstandard provisions, set out in Paragraph IV.R. | ☒ Included | ☐ Not included |

I. **PLAN PARAMETERS**
   A. **APPLICABLE COMMITMENT PERIOD (ACP) - 11 U.S.C. § 1325(b)(4).**
      (☐) The ACP is 60 months.

      (☒) The ACP is 36 months. However, the duration of payments may be extended to complete the Plan.
   B. **LIQUIDATION ANALYSIS.**

      1.  Debtor(s) assert(s) the non-exempt equity in the case is $0.00.

1- Effective January 7, 2022

2.  The liquidation value of the estate as required by 11 U.S.C. § 1325(a)(4) is $0.00.  This amount represents the calculation by the Debtor(s) of non-exempt equity in the case, minus priority unsecured claims and other allowable deductions.

_____

## II.  FUNDING

**A.**  **PLAN PAYMENT.**  The Debtor(s) shall make payments in the amount of $176.44  (☐) weekly, (☐) bi-weekly, (☐) semimonthly, (☒) monthly for the minimum of the ACP, subject to changes as set forth in Paragraph II.B or II.C, below, or until further order of the Court.

**B.**  ( ☐ ) **FUTURE PLAN PAYMENT INCREASES.**

The Debtor(s) shall increase payments by $_____  (☐)weekly, (☐)bi-weekly, (☐)semi-monthly, (☐)monthly effective _____ due to _____.

The Debtor(s) shall increase payments by $_____ (☐)weekly, (☐)bi-weekly, (☐)semi-monthly, (☐)monthly effective _____ due to _____.

**C.**  (☐)**OTHER PLAN PAYMENT PROVISIONS**. Please see additional provisions under Paragraph IV.R for additional funding information (*e.g.* lump sum payments through sale of real property).

## III.  DISBURSEMENTS

**A.**  **ADMINISTRATIVE CLAIMS.**  The Debtor(s) shall pay in full, in deferred cash payments, all allowed claims entitled to priority under 11 U.S.C. § 507, including:

1.  Court filing fee.

2.  Trustee fee.

3.  Attorney fees exclusive of costs and expenses:  An initial fee of $3,500.00 less fees paid of $2,100.00 leaving a fee balance in the amount of $1,400.00 to be disbursed by the Trustee pursuant to the priorities set forth in paragraph IV.H of the Plan, unless otherwise marked below:

    a.  ☐  Attorney fees shall be paid at the rate of $_____ per month until paid in full pursuant to Paragraph IV.H of the Plan.

    b.  ☐  Attorney fees shall be paid after all necessary equal monthly payments on secured continuing claims, secured claims, assumed executory contract/unexpired lease claims which is a modification of Paragraph IV.H.

4.  Expenses advanced to the Debtor(s) (paid by the attorney to the Clerk of the Court or the service provider) include:

    $_____ filing fee (enter amount or N/A);

    $_____ mandatory credit counseling or financial management class (enter amount or N/A); and $_____

    other (explain and enter amount, or enter N/A).

**B.**  **PRIORITY CLAIMS.**

1.  **Domestic Support Obligation (DSO)**[i]**:**  Prepetition DSO payment arrears as of the petition date shall be paid directly by the Debtor(s) unless marked below:

    ☐ by the Trustee.

**Mandatory information:**

| Name of DSO Payee(s) | Monthly Amount | Estimated Arrears |
|---|---|---|
| | | |
| | | |

2.  **a.   Prepetition Priority Tax Claims:**  Prepetition priority tax claims are allowed claims entitled to priority under 11 U.S.C. § 507 and shall be paid in full by the Trustee.

**Mandatory information:**

---

i       The Debtor(s) will comply with 11 U.S.C. § 1325(a)(8) and shall, prior to confirmation of the Plan, provide the Trustee with an affidavit or other evidence (*e.g.*, wage deduction, a statement from friend of the court, or a statement from the recipient) that all post-petition, pre-confirmation DSO payments are current.

| Creditor Name | Estimated Amount[ii] | Nature of Debt |
|---|---|---|
| | | |
| | | |

**b. Post-Petition Priority Tax Claims:**  Absent objection, post-petition priority tax claims shall be paid in full pursuant to 11 U.S.C. § 1305(a)(1) and (b).  Any portion of a post-petition claim under 11 U.S.C. § 1305 that is not paid through the Plan for whatever reason, including dismissal or conversion to Chapter 7, will remain non-dischargeable, even if the Debtor(s) receive(s) a discharge.

**C.   SECURED CLAIMS.**

1.  **Real Property:**

    **a.   Mortgage Payments:**  Unless otherwise stated, the Trustee shall commence paying the first post-petition mortgage payment on the first day of the month following the month of the petition date.

    **b.   Principal Residence Post-Petition Mortgage Payments and Prepetition Arrears:**  The following is the street address and the tax ID parcel no. for the principal residence of the Debtor(s):

**Residence address and tax parcel ID no.**   22480 Gauthier Road, Skanee, MI 49962 – PCN 001-068-001-30

| Creditor Name | Estimated Monthly Payment Amount[iii] | Estimated Arrears[iv] | Taxes & Insurance Escrowed With Lender? Y/N | Trustee Pay Y/N |
|---|---|---|---|---|
| **Lakeview Loan Servicing** | **See Paragraph IV.R** | **See Paragraph IV.R** | **See Paragraph IV.R** | **No** |
| **Sara Alshatti** | **See Paragraph IV.R** | **See Paragraph IV.R** | **See Paragraph IV.R** | **No** |

c.   ☒ **Mortgage principal and interest on one or more mortgages on the principal residence to be paid in full over term of plan under 11 U.S.C. § 1322(c)(2).**  This/these mortgage(s) will no longer be treated as having ongoing, continuing mortgage payments under Paragraph IV.H.1.e, and will otherwise be paid as part of the class of creditors in Paragraph IV.H.1.f of the Plan.  Any other payment conditions will be set forth in Paragraph IV.R.

   **d.**   **Non-Residential Post-Petition Mortgage Payments and Prepetition Arrears:** The following is the street address and the tax ID parcel no. for the non-residential real property of the Debtor(s):

Property No. 1_____    Property No. 2_____

| Creditor Name | Estimated Monthly Payment Amount[iii] | Estimated Arrears[iv] | Taxes & Insurance Escrowed With Lender? Y/N |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

---

[ii]       The amount stated is an estimate only and the proof of claim controls as to the amount of the claim.  This provision does not preclude any party in interest from filing an objection to the claim.

[iii]      The monthly payment amount is an estimate and the Trustee shall pay the monthly payment  amount based on the proof of claim as filed.  The Plan authorizes the Trustee to make post-petition regular mortgage or land contract payments prior to the proof of claim being filed.  This provision does not preclude any party in interest from filing an objection to the claim.

[iv]      The amount of prepetition arrears is an estimate and the Trustee shall pay the prepetition arrears based on the proof of claim as filed.  Any claim filed for prepetition arrears shall be paid through the Plan over a reasonable period of time and pro-rata with other secured creditors without interest.

   **The treatment of any non-residential mortgage subject to "cram down," and being paid in full over the life of the plan under 11 U.S.C. § 1322(c)(2) is set forth in Paragraph IV.R.**


   **e.**   **Condominium Association Dues:**  Unless otherwise stated, the Trustee will calculate the payments due from the first day of the month following the month of the petition date.  If the creditor appears in this section it will be paid as a real property secured creditor, even if the creditor also appears in Paragraph III.D dealing with executory contracts.

| Condominium Association Name and Address | Property Address | Estimated Monthly Payment Amount | Estimated Arrears[v] |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |


   **f.**   **Prepetition Real Property Tax Claims:**  Claims of taxing authorities on real property pursuant to State law will be paid pro-rata as set forth in Paragraph IV.H unless a fixed monthly payment is set forth below after the post-petition ongoing mortgage payment(s).[vi]

| Taxing Authority | Amount | Delinquent Tax Years | Optional Equal Monthly Payment |
|---|---|---|---|
| **Baraga County Treasurer** | **unknown** | **none** | **n/a – See Paragraph IV.R** |

    **g.**    **Real Property Tax Escrow:**

The Debtor(s) will not utilize a tax escrow with the Trustee unless marked below.

☐ The Debtor(s) will utilize a tax escrow through the Plan.  The Debtor(s) must provide the tax bill to the Trustee and verify taxes are paid each year until completion of the Plan. Tax escrow accounts will fund after on-going monthly mortgage payments but prior to other secured creditors.

| Real Property Address | Parcel Number | Taxing Authority | Monthly Escrow Amount |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

    **h.**    **Wholly Unsecured Claims:**  The following claims shall be treated as unsecured by this Plan because there is no equity in the property to secure the claim. Upon completion of the Plan, the lien shall be discharged and removed from the property. The Debtor(s) may move under Fed. R. Bankr. P. 7070, on notice to the holder of such a claim who refuses to release the lien, for an order declaring the lien released and for related relief. These claims are as follows

---

[v]    The amount of prepetition arrears is an estimate and the Trustee shall pay the prepetition arrears based on the proof of claim as filed.  Any claim filed for prepetition arrears shall be paid through the Plan over a reasonable period of time and pro-rata with other secured creditors without interest.  This provision does not preclude any party in interest from filing an objection to the claim.

[vi]    Any creditor in this class shall retain its lien on the real property pursuant to applicable State law and shall be entitled to receive its statutory interest and collection fees as set forth in its proof of claim.  This provision does not preclude any party in interest from filing an objection to the claim.

| Property Address | Creditor | Claim Amount[vii] | Property Value | Senior Lien Amount |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

    **2.**  **Personal Property:**

    **a.**    **Pre-Confirmation Adequate Protections Payments (APP):**  If the Trustee is to pay pre-confirmation APP the secured creditor's name, address, the account number and the payment amount must be provided and it must be signified by entering the monthly payment amount in the box marked "Pre-Conf. APP" under b. or c. of this paragraph.  The Trustee will not disburse an APP until a proof of claim is filed with documentation of a perfected lien satisfactory to the Trustee.

    **b.**    **Secured Claims Subject to Final Paragraph of 11 U.S.C. § 1325(a):**  Each secured creditor in this class has a lien that is not subject to 11 U.S.C. § 506.[viii]  Claims in this class shall be paid as follows, plus an additional pro-rata amount

that may be available from funds on hand, at an interest rate specified below, or the contract rate specified in the proof of claim, whichever is lower.

| Creditor, Address & Account No. | Collateral | Balance Owing | Interest Rate | Pre-Conf. APP | Equal Monthly Payment |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

c.   **Secured Claims Subject to 11 U.S.C. § 506[ix]:**  Claims in this class shall be paid as follows, plus an additional pro-rata amount that may be available from funds on hand at an interest rate specified below, or the contract rate specified in the proof of claim, whichever is lower.  Creditor will be paid the lesser of the balance due as a secured claim as set forth in the proof of claim, or the fair market value (FMV) of the collateral as a secured claim, with any balance due over FMV treated as a general unsecured claim.

| Creditor, Address & Account No.[x] | Collateral | FMV | Interest Rate | Pre-Conf. APP | Equal Monthly Payment |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

**3.**   **Secured Claims of Taxing Authorities:**  Secured claims of taxing authorities shall be paid as follows, plus an additional pro rata amount that may be available from funds on hand:

---

[vii]       This is the estimate of the Debtor(s) as to the amount owing to the creditor.  The proof of claim shall control as to amount of the claim.  This provision does not preclude any party in interest from filing an objection to the claim.

[viii]       Such a claim is not subject to "cramdown" and will be paid the full balance owing. If the collateral is a motor vehicle and is destroyed, the Debtor(s), with consent from the secured creditor and Trustee, or by order of the Court, may use the collateral insurance proceeds to purchase replacement collateral, to which the creditor's lien shall attach.

[ix]       If the collateral is a motor vehicle and is destroyed, the Debtor(s), with consent from the secured creditor and Trustee or by order of the Court, may use the collateral insurance proceeds to purchase replacement collateral, to which the creditor's lien shall attach.

[x]       If the creditor files a proof of claim with a balance owing which is different from the amount listed above, the proof of claim shall control as to the amount of the debt, unless a party in interest objects to the proof of claim.

| Creditor & Address | Collateral Real/Personal Property | Secured Claim Amount[xi] | Interest Rate[xii] | Equal Monthly Payment |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

**4.** **Collateral to Be Surrendered/Executory Contracts to Be Rejected:**  The property listed below is surrendered to the creditor, and the executory contracts/unexpired leases are rejected:

| Creditor | Property/Contract Description |
|---|---|
|  |  |
|  |  |

The automatic stay shall be terminated upon entry of the confirmation order and any deficiency claim or claim arising from rejection shall be treated as a general unsecured claim, subject to Paragraph IV.G.  Any co-debtor stay shall also be terminated upon entry of the confirmation order, absent a clear statement to the contrary in Paragraph IV.R.

**5.** **Junior Lien Holders on Surrendered Property:**  If a creditor holding a junior lien has filed a secured proof of claim, such claim shall be treated as a general unsecured claim if the value of the property, set forth below in the column entitled "Property Value," is equal to or less than the amount of the senior secured claim, absent an objection.  These creditors are as follows:

| Creditor, Address & Account No. | Property Address | Claim Amount[ix] | Property Value | Senior Lien Amount |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

**D.** **ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES.**  The following executory contracts and/or unexpired leases, including land contract(s), are assumed:

| Non-Debtor Party's Address & Account No. (indicate payee or payor) | Property Description | Monthly Payment Amount | No. of Months Remaining | Cure Amount |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

**E.** **1.  DIRECT PAYMENT BY THE DEBTOR(S) OF THE FOLLOWING DEBTS.**  All claims shall be paid by the Trustee unless listed herein:

| Creditor, Address & Account No. | Collateral/Obligation | Balance Owing | Interest Rate |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

**2.** If the payments are being made by Debtor(s) as the disbursing agent on claims under Paragraph III.E.1, creditors may send regular payment statements or coupons as is customary or provided for under any applicable loan documents,

xi      The amount stated is an estimate only and the proof of claim controls as to the amount of the claim.  This provision does not preclude any party in interest from filing an objection to the claim.

xii     The interest rate on tax claims that is in effect during the calendar month in which the plan is confirmed shall control.  11 U.S.C. § 511(b). The Trustee has the authority to make adjustments to its records to comply with the Bankruptcy Code.

**except as may be limited by Paragraph IV.R of the Plan or by limitations prescribed in 12 C.F.R. § 1026.41 or other applicable Rules.**

**F.    UNSECURED CREDITORS.**

**General Unsecured Creditors:** Claims in this class are paid from funds available after payment to all other classes.  The allowed claims of general unsecured creditors will be satisfied by:

☐ Payment of a dividend of 100%, plus present value of _____% interest, if necessary to satisfy 11 U.S.C. § 1325(a)(4), **OR**

☒ Payment of a pro-rata share of a fixed amount of $0.00 or payment from all disposable income to be received by the Debtor(s) in the ACP, whichever pays more.  This fixed amount shall be reduced by additional administrative expenses including attorney fees approved under 11 U.S.C. § 330(a).  However, this fixed amount shall not be reduced below the liquidation value specified in Paragraph I.B.2

**G.    SPECIAL UNSECURED CREDITORS.**  The special unsecured claims listed below are an exception pursuant to 11 U.S.C. § 1322(b)(1) and may include, but are not limited to, non-sufficient funds (NSF) checks, continuing professional services and non-dischargeable debts (*e.g.*, student loans, criminal fines).xiii These special unsecured claims shall be paid as follows:

**In a 36 month ACP case with the base to general unsecured creditors paid <u>within</u> 36 months,** the special unsecured creditors will be paid pro rata with other general unsecured claims during the first 36 months and then that portion of the special unsecured creditor's claim that can be paid during the remainder of the 60 months from the date the first Plan payment is due will be paid exclusive of all other general unsecured claims during the remaining 60 months.

**In a 36 month ACP case with the base to general unsecured creditors paid <u>beyond</u> 36 months**, the special class unsecured creditors will be paid pro rata with other general unsecured claims during the first 36 months and until the specific fixed base amount to the general unsecured creditors is satisfied and then that portion of the special unsecured creditor's claim that can be paid during the remainder of the 60 months from the date the first Plan payment is due will be paid exclusive of all other general unsecured claims during the remaining 60 months.

**In a 60 month ACP case**, special unsecured creditors will be paid pro rata with the general unsecured creditors during the 60 months.

| Special Unsecured Creditor Name | Reason For Special Treatment | Interest Rate if Paid in Full |
|---|---|---|
|  |  |  |
|  |  |  |

**IV. <u>GENERAL PROVISIONS</u>**

**A. <u>DISPOSABLE INCOME, TAX RETURNS & TAX REFUNDS.</u>**  Debtor(s) submit(s) all or such portion of future earnings or other future income of Debtor(s) to the supervision and control of the Trustee as is necessary for the execution of the Plan.  Unless this Plan provides for a dividend of 100% to all allowed general unsecured claims, the Debtor(s) shall pay all disposable income as defined in 11 U.S.C. § 1325(b) during the ACP. Unless otherwise provided in this Plan, Debtor(s) shall remit to the Trustee tax returns and tax refunds and other disposable income for the ACP for administration pursuant to the Plan or as otherwise ordered by the Court.  Income tax refunds and other disposable income paid to the Trustee in a Plan with a 36 month ACP will operate to decrease the term of the Plan to the ACP but not below the 36 month ACP, rather than increase the dividend paid to general

unsecured creditors. The Debtor(s) shall continue the same level of tax deductions as when the case was filed except as affected by changes in dependents and/or marital status.

Based on the disposable income available, the Trustee shall have the discretion without further notice to creditors to:

1. Increase the percentage to the unsecured creditors as a result of additional payments made under this provision subject to the limitation set forth in this Paragraph;

2. Reduce the term of the Plan but not below the ACP; and

3. Determine if available funds are not disposable income when the Debtor(s) provide(s) the Trustee with supporting documentation.

---

[xiii] If the table below is blank, or this case has a 60 month ACP, then there will be no special treatment for special unsecured creditors.

**B. VESTING OF ESTATE PROPERTY.** Upon confirmation of the Plan, all property of the estate shall remain property of the estate until discharge unless marked below:

☒ Pursuant to 11 U.S.C. § 1327(b) upon confirmation of the Plan, all property of the estate shall vest in the Debtor(s), except (i) future earnings of the Debtor(s); (ii) additional disposable income, and (iii) other real and personal property necessary to fund the Plan which is identified as follows:

Regardless of whether any real or personal property is vested in the Debtor(s) or the estate, insurance proceeds derived from such real or personal property shall be deemed property of the estate. Subject to footnotes vii and viii of paragraph III.C.2, such insurance proceeds may be used by the Debtor(s), upon prior Court approval, to purchase replacement collateral.

In any case, all property of which Debtor(s) retain(s) possession and control shall be insured by the Debtor(s). The Trustee is not required to insure property and has no liability for damage or loss to any property in the possession and control of the Debtor(s).

**C. POST-PETITION ACTION BY DEBTOR(S).**

**1. Post-Petition Sale of Property of Estate:** In the event that the Debtor(s) seek(s) to sell, before entry of the discharge, property of the estate constituting personal property with a value in excess of $2,500, or any real property regardless of value, the Debtor(s) shall request prior Court approval pursuant to 11 U.S.C. § 363 and any applicable rules.

**2. Post-Petition Sale of Property of Debtor(s):** In the event that the Debtor(s) seek(s) to sell, before entry of the discharge, personal property of the Debtor(s) with a value in excess of $2,500, or any real property regardless of value, the Debtor(s) shall seek prior Court approval with notice to any parties in interest as the Court may direct.

**3. Post-Petition Incurrence of Debt by Debtor(s) and Related Relief to Procure a Vehicle:** Upon the prior written approval of the Trustee, the Debtor(s) may incur post-petition debt for a motor vehicle, whether through financing or lease transaction. The Debtor(s) may trade in an existing motor vehicle provided that the Debtor(s) satisfy in full any obligations related to such motor vehicle.

**4. Post-Petition Incurrence of Debt by Debtor(s) for Purposes other than Vehicle Procurement:** Upon the written approval or ratification of the Trustee, the Debtor(s) may engage in post-petition borrowing up to $2,500.00 for necessary household expenses, including, but not limited to, vehicle repairs, home repairs, or appliance replacement. For anything other than post-petition incurrence of debt addressed by Paragraph IV.C.3, Court approval is required for incurring debt in excess of $2,500.00.

**D. UNSCHEDULED CREDITORS FILING CLAIMS.** If a creditor's claim is not listed in the schedules, but the creditor files a proof of claim, the Trustee is authorized to classify the claim into one of the classes under this Plan and to pay the claim within the class, unless the claim is disallowed.

E.  **LATE FILED CLAIMS.**  If a claim is not timely filed, the Trustee may in his/her discretion provide notice of intent to pay the claim.

F.  **LIMITATION ON NOTICES.**

   1.  **General:**  If the Debtor(s) file(s) a plan modification pursuant to 11 U.S.C. § 1329 or a motion requesting relief, the plan modification or motion, and appropriate notice thereof, shall be served on (a) the Trustee, (b) the United States Trustee, and (c) any party or entity adversely affected by the plan modification or request for relief.  If service under (c) requires service on the creditor matrix, subsequent to the claims bar date pursuant to Fed. R. Bankr. P. 3002, service may be made on creditors that hold claims for which proofs of claim have been filed, and any governmental unit that is a creditor in the case.

   2.  **Fee Applications:**  Subsequent to the claims bar date pursuant to Fed. R. Bankr. P. 3002, if an attorney for the Debtor(s) files an application for compensation pursuant to 11 U.S.C. § 330, the application, including appropriate notice and an opportunity to object, shall be served on (a) the Trustee, (b) the Debtor(s),  and (c) the United States Trustee.  Appropriate notice of the application, including an opportunity to object in the same form as attached to the Local Bankruptcy Rules, shall be served on (a) creditors that hold claims for which proofs of claim have been filed, and (b) any governmental unit that is a creditor in the case.

   If service is made pursuant to this Paragraph, the Debtor(s) shall file a certificate of service specifying parties and entities served.

G.  **CLAIMS AND AMENDED CLAIMS.**  If a proof of claim is filed and Trustee has previously made a distribution to general unsecured creditors, the claim shall be entitled to the same pro rata distribution as that previously paid to general unsecured claims, to the extent possible, even if the base to general unsecured claims exceeds the amount stated in the confirmed Plan.

   The Trustee shall not be required to recover any overpayments to general unsecured creditors as a result of the filing of the aforementioned claims.

   1.  With respect to secured claims filed by creditors holding liens in real property surrendered pursuant to the Plan, each such secured creditor must file a proof of claim asserting its unsecured deficiency, if any, by no later than 90 days after any disposition, including a foreclosure sale.  The proof of claim for any deficiency must be conspicuously identified as an "UNSECURED DEFICIENCY CLAIM."  Attached to the proof of claim for the deficiency amount must be a detailed statement providing that the property was disposed of, the amount of the sale proceeds, a summary of costs incurred in connection with the disposition, and the unsecured deficiency balance remaining.  This proof of claim must be filed even though a previous secured or unsecured claim was asserted prior to the disposition of the property.  The failure to timely file a deficiency claim shall preclude the secured creditor from receiving further distributions under the Plan and such secured creditor's claim shall be subject to discharge.

   2.  With respect to secured claims filed by creditors holding liens in personal property surrendered pursuant to the Plan and non-debtor counterparties whose executory contracts or unexpired leases are rejected under the Plan, each such secured creditor or non-debtor counterparty must file a claim asserting its unsecured deficiency or rejection damages, if any, by no later than 180 days after entry of the order confirming the Plan.  The proof of claim for any deficiency or rejection damages must be conspicuously identified on the proof of claim as an "UNSECURED DEFICIENCY CLAIM" or a "REJECTION DAMAGES CLAIM," as applicable.  Attached to the proof of claim for the deficiency or rejection damages must be a detailed statement providing, if applicable, the date the property was disposed of, the rejection damages, the amount of any sale proceeds, a summary of costs incurred in connection therewith, and the unsecured deficiency balance remaining.  This proof of claim must be filed even though a previous secured or unsecured claim was asserted prior to the surrender, rejection, or disposition of the property or rejection of the executory contract or unexpired lease.  The failure to timely file a deficiency or rejection damages claim means that such creditor or non-debtor counterparty shall be precluded from receiving further distributions under the Plan and such claim shall be subject to discharge.

   3.  A claimant treated as holding a wholly unsecured claim pursuant to Paragraph III.C.1.f shall file a proof of claim within the time prescribed in Fed. R. Bankr. P. 3002(c), and any such claimant who does not file a proof of claim is not entitled

to receive a distribution under the Plan.  If such claimant files a secured proof of claim, the Trustee is authorized to treat such claimant as holding an unsecured claim.

**H.    TRUSTEE POST-CONFIRMATION DISBURSEMENT.**

**1. Priority of Payments:**  Unless otherwise specifically stated in the Plan, the following categories of claims will be paid in the following order (on a pro-rata basis within each category):

    a.    unpaid court filing fees, regardless of any Plan provision to the contrary;

    b.    trustee administrative fee;

    c.    allowed DSO claims paid through the Plan;

    d.    attorney fees and expenses, as allowed by an Order of the Court, subordinated to monthly continuing claims payments covered under 11 U.S.C. § 1322(b)(2);

    e.    continuing, long-term, nonmodifiable allowed claims[xiv];

    f.    other allowed secured claims (including arrears), including, but not limited to, residential and non-residential mortgages that shall be paid in full during the life of the plan, and allowed claims arising from assumed executory contracts or unexpired leases (including any cure) with respect to which (i) the last payment will become due within the term of the Plan; and (ii) the Plan provides for equal monthly payments;

    g.    arrears on continuing claims and other secured claims for which the Plan does not specify equal monthly payments;

    h.    allowed priority unsecured claims; and

    i.    allowed general unsecured claims.

**2. Post-Petition Mortgage Payments:**  If the Plan directs the Trustee to make any post-petition mortgage payment, the Trustee may:

---

[xiv]    Claims in this category include non-modifiable claims, including allowed secured claims, on which the last payment is due after the term of the Plan, and for which the Plan provides for a set monthly payment (subject to adjustment as set forth below). This category includes residential mortgage obligations, condominium association dues, land contract obligations, and other long term, non-modifiable obligations under assumed executory contracts/unexpired leases.

    a.    modify the on-going mortgage payment upon receiving a notice pursuant to Fed. R. Bankr. P. 3002.1(b);

    b.    increase the Plan payment by the amount of any mortgage payment increase plus additional trustee commission for any mortgage increase;

    c.    amend a wage order or ACH payment amount for such increase with notice to the employer or ACH payor, Debtor(s) and the attorney for the Debtor(s); and

    d.    adjust the post-petition mortgage or land contract payment date, or the date through which any arrears or cure is calculated, as needed to conform to any proof of claim filed by the mortgagee or land contract vendor.

**3. Initial Disbursement Date:**  Except as otherwise stated in this Plan, a payment designated as equal monthly payments on secured claims, executory contracts/unexpired leases, priority unsecured claims, attorney fees, and tax escrow accruals shall be deemed to commence the first day of the month following the month of the petition date.

**I.    TAX RETURNS.**  All tax returns due prior to the petition date have been filed, except: <u>n/a</u>.

**J.    DEBTOR(S) ENGAGED IN BUSINESS.**

1. Any Debtor who is self-employed and incurs trade credit in the production of income shall comply with 11 U.S.C. § 1304 regarding operation of the business and any order regarding the continuation of a business operation entered in this case;

2. Any Debtor who, directly or indirectly, holds a controlling interest in a limited liability company, partnership or other corporation that incurs trade credit in the production of income, or who is otherwise in control of such an entity, shall cause the entity to comply with 11 U.S.C. 1304(c) and any order regarding continuation of a business operation entered in this case as if the Debtor were "engaged in business" within the meaning of that section;

3. The duties listed in 11 U.S.C. § 1304(c) are imposed on any Debtor described in this Paragraph IV.J, and are incorporated herein by reference.

K. **EFFECT OF ADDITIONAL ATTORNEY FEES BEYOND THE NO LOOK FEE.**  Any attorney fees and expenses beyond the no-look fee shall be paid as administrative expenses and shall not be paid out of the base previously disbursed to general unsecured creditors.  The Trustee shall not recover funds disbursed to general unsecured creditors to satisfy any administrative expenses awarded to the attorney for the Debtor(s).

L. **PLAN REFUNDS.**  The Trustee may agree to reasonable refunds to the Debtor(s) from the funds paid to the Trustee. The Plan duration may be extended to repay all such refunds.  The trustee may require the Debtor(s) to file an amendment to the Plan.

M. **TRUSTEE'S AVOIDANCE POWERS.**  The Debtor(s) acknowledges that the Trustee has discretion to utilize certain powers under Chapter 5 of the Bankruptcy Code.  Notwithstanding any other language in this Plan, no lien shall be involuntarily avoided unless an adversary proceeding is filed, except that judicial liens may be avoided pursuant to 11 U.S.C. § 522(f) in connection with confirmation of the Plan upon proper notice. The Debtor(s) may not commence any avoidance action without court authorization or written consent of the Trustee. The Debtor(s) acknowledge(s) that any avoidance actions are preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

N. **LIEN RETENTION.**  With respect to each allowed secured claim provided for by the Plan, the holder of such claims shall retain the lien securing such claim until the earlier of (i) the underlying debt determined under applicable non-bankruptcy law is paid in full, or (ii) entry of the discharge; provided, however, that entry of the discharge shall not release a lien that secures a claim subject to treatment under 11 U.S.C. § 1322(b)(5).  Upon the occurrence of (i) or (ii) above, the holder shall release its lien and provide written evidence of the same to the Debtor(s) within 30 days after (i) or (ii) above.  Notwithstanding the foregoing, if this case of the Debtor(s) under Chapter 13 is dismissed or converted without completion of the Plan, the holder of such claim shall retain its lien to the extent recognized by applicable non-bankruptcy law.

O. **MODIFICATION OF THE AUTOMATIC STAY.**  Upon the filing of a motion for relief from the automatic stay, the Trustee shall suspend disbursement of funds to that creditor but shall hold said funds until further order of the Court.  Upon entry of an order modifying the automatic stay and unless otherwise provided for in such order, the Trustee shall not disburse held or on-going payments to that creditor on that claim, until creditor files an amended claim or Debtor(s) file(s) an amended Plan directing the Trustee how to pay creditor's claim.  Such amended proof of claim or Plan amendment shall be filed within 120 days after entry of the order modifying the automatic stay.  An amended claim filed by such creditor shall be afforded the same secured status as provided for under the Plan.  If a creditor fails to file an amended claim or Debtor(s) fail(s) to file an amended Plan directing the Trustee how to pay creditor's claim within 120 days of the entry of the order modifying the automatic stay, any held amounts shall be released for the benefit of the other creditors in accordance with the confirmed Plan and Trustee shall cease holding any future funds for on-going payments on such claim unless otherwise ordered by the Court. However, if a creditor files a claim after the order modifying the automatic stay and the confirmed Plan directed that such creditor was to be paid directly by Debtor(s) on such claim, such claim will not be paid by the Trustee.

P. **NOTICE OF FEES, EXPENSES AND CHARGES PURSUANT TO FED. R. BANKR. P. 3002.1.**  The claim evidenced by notice of fees, expenses and charges pursuant to Fed. R. Bankr. P. 3002.1 will be treated as a separate debt or claim consistent with treatment of the underlying claim provided for under the Plan.

Q. **NON-APPLICABILITY OF FED. R. BANKR. P. 3002.1.**  The requirements and provisions of Fed. R. Bankr. P. 3002.1 shall not apply to the Trustee in any chapter 13 case where the Plan as confirmed surrenders property to the creditor as provided in 11 U.S.C. § 1325(a)(5)(C) or proposes that Debtor(s) pay the creditor directly or to any claim as to which the automatic stay

is modified for purposes of allowing the secured creditor to exercise its rights and remedies pursuant to applicable nonbankruptcy law.

R.  **NONSTANDARD PROVISIONS.  Nonstandard provisions must be set forth below.  A nonstandard provision is a provision deviating from, or not otherwise included, in the Model Plan adopted under LBR 3015(d)(1).  Nonstandard provisions set out elsewhere in this Plan are ineffective and void.  The following Plan provisions will be effective only if there is a check in the box "Included" in the Preamble.**

**Debtors will seek Court authorization to sell the real property located at 22480 Gauthier Road, Skanee, Michigan.  At the closing the Closing Agent will pay the secured claims directly, will pay all closing costs including commissions approved by this court, and any remaining fund will be turned over to Debtors pursuant to their claim of exemptions.**

BY FILING THIS DOCUMENT, THE ATTORNEY FOR THE DEBTOR(S) OR DEBTOR(S) THEMSELVES, IF NOT REPRESENTED BY AN ATTORNEY, ALSO CERTIFY(IES) THAT THE WORDING AND ORDER OF THE PROVISIONS IN THIS CHAPTER 13 PLAN ARE IDENTICAL TO THOSE CONTAINED IN THE APPROVED MODEL PLAN PURSUANT TO LOCAL BANKRUPTCY RULE 3015(d) FOR THE WESTERN DISTRICT OF MICHIGAN BANKRUPTCY COURT, OTHER THAN ANY NONSTANDARD PROVISIONS INCLUDED IN PARAGRAPH IV.R.

Date:  October 3, 2023                    /s/ Steven L. Clark_____
                                          Steven L. Clark, Debtor

Date: October 3, 2023                     /s/ Petra H. Clark_____
                                          Petra H. Clark, Debtor

Date: October 3, 2023                     /s/ Thomas D. DeCarlo
                                          Counsel for the Debtors